**E. A. RANDLETT, Plaintiff,**

v.

**OWENS–ILLINOIS, INC., Defendant.**

**Civ. No. CA 3–74–325–C.**

United States District Court,
N. D. Texas,
Dallas Division.

Sept. 10, 1976.

---

James L. Hicks, Jr., Edward B. Cloutman, III, Mullinax, Wells, Mauzy & Baab, Inc., Dallas, Tex., for plaintiff.

William M. Rippey, Strasburger, Price, Kelton, Martin & Unis, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

Plaintiff was a career employee of defendant and brought this action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621, *et seq.* (the Act) alleging that his demotion in 1973 and his forced early retirement in 1974 were a result of discrimination based on age. The case was tried to the Court and from the evidence presented it is the judgment of the Court that plaintiff's termination was for good cause and based on reasonable factors other than age.

STATEMENT OF FACTS:

Plaintiff and defendant are an "employee" and an "employer" respectively under the terms of the Act. Plaintiff was first employed by defendant in 1940, and although he at times held outside sales positions with the company, his work from 1961 until late 1970 was limited to inside administrative sales functions. In November of 1970, plaintiff was transferred from his Toledo, Ohio job to an outside sales position in the Dallas District Office in keeping with his request to be assigned to Texas, his family's home state. Although he was in all respects a loyal and faithful employee, plaintiff's job performance in his new outside sales position proved to be unsatisfactory. His sales record placed him at the bottom in ratings of salesmen in the Dallas District and in the entire Plastic Products Division of the company. In addition, plaintiff's methods and procedures were irritating to some of his customers who complained to the company. Plaintiff also made errors in writing up orders causing inconvenience and unnecessary expense to the company. On numerous occasions, plaintiff was counselled regarding his job performance but apparently could not correct the deficiencies that were called to his attention.

Plaintiff was finally relieved of outside sales duties and assigned to an inside training position on January 1, 1973. This job was not intended to be a permanent position and was made available to plaintiff only to permit him to continue his service until he was eligible for early retirement on an unreduced basis. In January of 1974, plaintiff accepted involuntary early retirement. Within 180 days of his termination, but not within 180 days of his demotion, plaintiff filed the required notice with the Secretary of Labor.

CONCLUSIONS OF LAW:

■ Because the notice requirement of the Act is intended to permit the Department of Labor an opportunity to resolve age discrimination complaints promptly following the acts complained of, the demotion of plaintiff cannot properly be deemed a continuing violation for purposes of calculating when the notice period commenced to run. This Court, therefore, has no jurisdiction over the demotion issue.

■ With respect to the involuntary early retirement, the Act provides at 29 U.S.C. 623(f) that "It shall not be unlawful for an employer . . . (3) to discharge . . . an individual for good cause." Under the facts of this case, the Court finds that plaintiff's termination was a result of his unacceptable job performance and his inability to improve after numerous counseling sessions. The action by defendant, therefore, was taken for good cause, was based on reasonable factors other than age, and was not unlawful under the Act.

THEREFORE, judgment will be rendered for defendant Owens-Illinois, Inc. Defendant's attorney is requested to prepare and submit appropriate form of judgment.